UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED 2008 AUG 14 AM 11:25
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No. '08 MJ 2515 |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| Nora Elia ALEJO-Chavez ) | Attempted Entry After Deportation |
| ) | |
| Defendant. ) | |

The undersigned complainant being duly sworn states:

On or about **August 13, 2008**, within the Southern District of California, **Nora Elia ALEJO-Chavez**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence this 14th day of **August, 2008**.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On August 13, 2008 at approximately 0630 hours, **Nora Elia ALEJO-Chavez (Defendant)** attempted to enter the United States from Mexico through the San Ysidro, California Port of Entry pedestrian entrance. Defendant approached a Customs and Border Protection (CBP) officer manning the inspection booth and applied for admission to enter the United States. Defendant told the CBP officer she was born in the Los Angeles, California and was going San Diego, California. The CBP Officer suspected Defendant had made a false claim to United States citizenship and escorted her to secondary for further inspection.

During secondary inspection, Defendant was queried by fingerprint and photograph through the Automated Biometric Identification System (IDENT). IDENT returned a match to the query, identifying Defendant as a citizen of Mexico and a previously removed alien. Defendant's identity was verified by 10-digit fingerprint submission through the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS linked Defendant to FBI and Immigration Service Records.

Further queries using the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed Defendant is a citizen of Mexico with no legal documents to enter the United States. DACS queries and immigration service records indicate Defendant was deported from the United States by an immigration judge on or about December 15, 2004, and on or about October 09, 1998. The Immigration Judge's deportations were ordered reinstated on or about June 6, 2008, and on or about June 28, 2000. Immigration service records also indicated no evidence that Defendant has applied for, nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.